IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JOHN CHARLES SPRATLEY and | : | CASE NO.: 5:17-bk-03977-JJT |
| JOSELYN WATERS, | : | |
| | : | |
| Debtors. | : | CHAPTER 13 |

## MOTION TO PARTICIPATE IN
## MORTGAGE MODIFICATION MEDIATION PROGRAM

To: **SHELLPOINT MORTGAGE SERVICING as Servicer for HSBC Mortgage,** and its successors, assigns and servicing agents ("mortgage creditor"), please take notice:

1. The undersigned Debtors, John & Joselyn Spratley ("the Debtors") seek to participate in the Mortgage Modification Mediation Program ("MMM Program") pursuant to L.B.R. 9019-3.

2. Debtors states the following preference for the MMM Program loss mitigation review process (Check only ONE box):

☑ Debtors wish to utilize the DMM Portal, or such other portal as may be designated by the Court, (the "Portal") for the modification process and hereby requests the concurrence of the Mortgage Creditor for use of the Portal.

☐ Debtors wish to communicate directly with the Mortgage Creditor and its counsel during the modification process and will not utilize the Portal. Debtor hereby requests the concurrence of the Mortgage Creditor to opt out of the Portal.

3. By filing this Motion, Debtors certify as follows:

a. Debtors are the owner/occupants of a one-to-four-unit residential property used as the Debtors' primary residence;

b. Debtors have regular income;

c. Debtors have an unpaid principal mortgage balance that is equal to or less than $729,750.00 (for a one-unit property).

d. Debtors have a mortgage payment that is not affordable due to a financial hardship that can be documented.

4. The Debtors agrees to make post-petition mortgage payments to the mortgage creditor of seventy-five percent (75%) of the Debtor's current mortgage payment (the "Modified Mortgage Payment).

5. The first Modified Mortgage Payment will be due and must be received by the mortgage creditor no later than the next monthly scheduled mortgage due date (plus any grace period) after the filing of this Motion. The only exception to this requirement is if the Debtors do not know the identity of the mortgage creditor at the time other payment is due; in that event the Debtors will make the Modified Mortgage Payment to the Debtors' Attorney to be held in trust until the mortgage creditor is identified.

6. The Debtors will continue to make the Modified Mortgage Payments to the mortgage creditor each month until the MMM Program is concluded or an Order of the Court expressly states otherwise.

7. The Debtors have filed the Schedules and Statement of Financial Affairs which may be relied upon by the mortgage creditor in evaluating the Debtors' loan for modification.

8. Debtors will submit a completed loss mitigation application to Mortgage Creditor as provided in L.B.R. 9019-3 within thirty (30) days of the entry of an order granting this Motion. Failure to timely submit a completed loss mitigation application may result in Debtor being removed from the MMM Program upon written motion of Mortgage Creditor.

9. By filing this Motion, Debtors understand and consent to a modification of the automatic stay imposed by § 362(a) of the Bankruptcy Code as follows:

a. The automatic stay is immediately modified to permit Mortgage Creditor to request information, evaluate and analyze Debtor's financial situation, and to fully

participate in the mortgage modification process and negotiate loan modification terms.

b. In the event Debtors miss a Modified Mortgage Payment, Mortgage Creditor may file a motion for relief from the automatic stay and seek removal of Debtor from the MMM Program.

c. If a request for loan modification is denied, Debtors must file an amended/modified plan within twenty-one (21) days of receiving notice of the denial. The amended/modified plan must address the treatment of the pre-petition mortgage arrears and any post-petition arrears that may have accrued. If an amended/modified Chapter 13 Plan is not timely filed, Mortgage Creditor may file a motion for relief from the automatic stay. A rejection of an offered loan modification by Debtor shall be treated as a denial for the purposes of this paragraph.

10. If a loan modification is agreed upon, Debtors will cooperate in promptly formalizing any needed legal documents and seeking any necessary court approval for the mortgage modification.

11. If within one hundred and twenty (120) days from the entry of an order admitting Debtors into the MMM Program, no motion to approve loan modification has been filed and/or no amended/modified Chapter 13 plan has been filed, Debtors agree to file a Loss Mitigation Status Report as required by L.B.R. 9019-3(j)(4).

**WHEREFORE**, Debtors request that this Court enter an Order authorizing the Debtors and Mortgage Creditor to enter the MMM Program.

Date: January 8, 2018      /s/ John Spratley           /s/ Joselyn Waters
                           Debtor                       Co-Debtor

                           /s/ Patrick J. Best
                           Attorney for Debtors